ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 MAR 12 PM 1:37
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JAMMIE K. MOODY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 313-071 |
| ) | |
| THALRONE WILLIAMS, Warden, ) | |
| Wheeler Correctional Facility, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants.[1] Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

---

[1] On November 14, 2013, the Court recommended dismissal of Plaintiff's case because he did not turn in his IFP papers. (Doc. no. 5.) Because the Court vacated its Report and Recommendation ("R&R") after Plaintiff submitted his papers, Plaintiff's motion for reconsideration as to the November 14th R&R should be **DENIED AS MOOT**. (Doc. no. 11.)

I. **SCREENING OF THE COMPLAINT**

A. **BACKGROUND**

In the complaint, Plaintiff names as Defendants: (1) Thalrone Williams, warden at Wheeler Correctional Facility, and (2) the State Board of Corrections ("BOC"). (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for the purpose of the present screening, the facts are as follows.

Plaintiff claims the Superior Court of Chatham County granted his application for a writ of habeas corpus and vacated his criminal conviction on June 22, 2009 in an order which Plaintiff has attached to his complaint. (Id. at 5.) Plaintiff alleges that Warden Williams and the BOC have conspired to keep him falsely imprisoned despite this ruling, thereby subjecting him to cruel and unusual punishment, and have racially profiled him and engaged in discriminatory practices against him. (Id. at 5-6.) Plaintiff states that he has suffered damages, and requests a judgment against Defendants, an injunction ordering his release, payment of all fees and costs, and any other relief the Court deems proper. (Id. at 6-7.)

On July 5, 2010, however, the Georgia Supreme Court reversed the Superior Court's decisions and remanded with instructions for the trial court to further review Plaintiff's claim. Williams v. Moody, 287 Ga. 665, 669 (2010). The docket of the Superior Court of Chatham County, accessed at www.chathamcourts.org, shows that on remand a hearing was held on December 6, 2010, and an amended petition and additional briefs were filed in 2011. As such, it appears Plaintiff's habeas proceedings in the Superior Court of Chatham County are still pending on remand.

B.  DISCUSSION

1.  Legal Standard for Screening.

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough

3

heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's False Imprisonment Claim Is Barred Under Heck v. Humphrey.

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's complaint is barred under Heck v. Humphrey, in which the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87 (1994); see also Edwards v. Balisok, 520 U.S. 641, 645 (1997) (extending Heck to certain types of due process challenges brought under § 1983). In Heck, the Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction and sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. 512 U.S. at 487. Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In short, a claim for monetary damages or

injunctive relief that challenges Plaintiff's incarceration is not cognizable under § 1983. Id.[2]

Here, Plaintiff correctly states that his conviction was invalidated by the Superior Court of Chatham County in the ruling attached to his complaint, which granted relief on his writ of habeas corpus in the form of a new trial. However, as stated above, on July 5, 2010, the Georgia Supreme Court reversed and remanded with instructions for the trial court to conduct further review. Williams, 287 Ga. at 669. Plaintiff does not point to any subsequent court decision invalidating his conviction, and therefore fails to prove that his conviction has been invalidated. Thus, his claims that he is falsely imprisoned and that his unlawful incarceration constitutes cruel and unusual punishment are barred by Heck. 512 U.S. at 487.

### 3. Plaintiff Fails to Allege a Constitutional Violation.

Plaintiff's allegations that Defendants have racially profiled him and "used discriminatory, fraudulently and deception practices [sic]," appear to be related to his false imprisonment claim. (See doc. no. 1, p. 6.) However, to the extent Plaintiff makes these allegations as separate § 1983 claims, such claims fail. Plaintiff does not allege any facts in support of these allegations, but merely states in conclusory fashion that Defendants have engaged in such conduct. (See id.) Such vague and conclusory allegations are not sufficient to state a claim. See Taylor v. Singletary, 148 F.3d 1276,

---

[2] See also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (extending Heck to claims seeking declaratory or injunctive relief as well as monetary damages); Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

1285 (11th Cir. 1998) (noting that a "bare, conclusory allegation . . . is insufficient, without more, to warrant further evidentiary consideration"); see also Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (noting that conclusory allegations are not entitled to an assumption of truth in determining whether a complaint states a claim upon which relief may be granted). Therefore, even if Plaintiff attempts to raise claims that would not imply the invalidity of his conviction, the complaint should still be dismissed for failure to state a claim under § 1983.

### 4. The DOC is Not Subject to Liability Under § 1983.

"The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted, citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state, such as the BOC, are therefore immune from suit. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Georgia] has consented to the filing of such a suit."); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Stevens, 864 F.2d at 115 (Georgia DOC is barred from suit by Eleventh Amendment). Thus, even if Plaintiff had sufficiently alleged constitutional violations that were not barred by Heck, his claims would still be subject to dismissal as to the DOC.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for reconsideration be **DENIED AS MOOT** (doc. no. 11), the

6

complaint be **DISMISSED** without prejudice for failure to state a claim, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of March, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE